**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**TEXAS ALUMINUM COMPANY, Inc., Respondent.**

No. 19067.

United States Court of Appeals
Fifth Circuit.

March 30, 1962.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Elliot Moore, Atty., Stuart Rothman, Gen. Counsel, Melvin Pollack, Atty., National Labor Relations Board, Washington, D. C., for petitioner.

Carl B. Callaway, Joe P. Mathews, Dallas, Tex., for respondent.

Before HUTCHESON, CAMERON and GEWIN, Circuit Judges.

PER CURIAM.

This is a petition by the Board for enforcement of its order requiring respondent: (1) to cease and desist from discouraging membership in United Steel Workers of America or any other labor organization of its employees, by discriminating against its employees in regard to the hire or tenure of their employment; and by maintaining or enforcing its Rule 31 broadly prohibiting its employees from engaging in solicitation on company property; and (2) to take affirmative action which would effectuate the policies of the Act by mak-

**316**

ing whole certain named employees for their loss of pay by reason of respondent's having disciplined them for violation of Company Rule 31.

The issues are in small compass. The respondent (1) adopted and published a broad no solicitation rule, No. 31, providing as follows:

"Soliciting on company property to join or not to join any organization. 1st Offense—three days off. 2nd Offense—Termination."

and (2) laid off three employees for violation of the rule.

The respondent's defense was and is that while the rule appears on its face to be a broad no solicitation rule, as a matter of fact, the evidence showed that special circumstances[1] make the rule necessary in order to maintain production or discipline. Paton Packing Co., 49 N.L.R.B. at 843; Cf. Republic Aviation Corp. v. N. L. R. B., 324 U.S. 793, 65 S.Ct.982, 89 L.Ed. 1372; N. L. R. B. v. Walton Mfg. Co., 5 Cir., 289 F.2d 177.

It is in short claimed by the respondent that since the company did not have any particular rest time and the employees could leave and take their rest or coffee breaks at any time it suited them, the rule was necessary to prevent employees interfering with each other during work hours.

In further support of its position, respondent argues: that this continuous-flow type production has proven very satisfactory in the plant; that the rule

has promoted the morale and efficiency of the employees; that its maintenance is essential to the adequate and proper operation of the plant as it is now operated; that it was not designed to interfere, nor has it interfered, with the rights of employees under the Labor Management Act, and the rule was necessary to prevent employees interfering with each other during the time that they were at work.

We think it clear: that the record does not sufficiently support these views to justify the rule; that it is a direct violation of the statute; and that the board was correct in so finding and declaring. There is no evidence whatever that there was any more loafing or interfering with the working time of other employees than would have been the case if the company had not adopted the rule or had maintained a regular rest period. Indeed, there was no attempt to make such proof. At any rate, it seems clear to us that the board was well within the language of the statute and the teachings of the authorities[2] in not condoning the rule and in directing its discontinuance.

We think it equally clear that the record as a whole fully sustains the board's findings that respondent violated Sec. 8(a) (3) and (1) of the Act, 29 U.S.C.A. § 158(a) (1, 3) in suspending the three employees and that its order must be enforced throughout.

Enforced.

---

1. As respondent states them in its brief, the special circumstances are these:
(1) The plant operates on three shifts of 8 hours each and the production process is of the continuous-flow type.
(2) The employees arrange among themselves the time when each employee will take his 20-minute lunch period.
(3) The employees determine for themselves the time and the length of time of their coffee or rest breaks and the number of such breaks.

(4) The past history of labor relations at the plant includes a strike, accompanied by violence and friction among the employees for many months.

2. Republic Aviation Corp. v. N. L. R. B., 324 U.S. 793, 803, n. 10, 804–805, 65 S.Ct. 982, 89 L.Ed. 1372; N. L. R. B. v. Walton Mfg. Co., 289 F.2d 177, 180 (C.A. 5); N. L. R. B. v. Great Atlantic & Pacific Tea Co., 5 Cir., 277 F.2d 759.